IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-00216-01/02-CR-W-DW |
| | ) | |
| JAMES E. ALDRIDGE, JR., and | ) | |
| SHIRLEY L. ALDRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendants, James Aldridge and Shirley Aldridge's, Motion to Suppress. Through this motion, defendants seek to suppress "certain evidence or fruits of evidence gathered by the government in this investigation through unauthorized statements or disclosures made to I.R.S. by Defendants' previous counsel, Glen Sowders." (Defendants, James Aldridge and Shirley Aldridge's, Motion to Suppress at 1)

At a hearing held on February 14, 2007, government counsel stated that the government had no intention of using any information provided by Mr. Sowders, nor did Mr. Sowders give the government any information of an incriminating nature. (Tr. of 2/14/07 Hearing at 5) Defense counsel stated that he would "like to see that in writing" and if he did, "that might take care of that motion." (Id. at 6) Later in the hearing, defense counsel stated, "if the Government makes a statement that they ... received nothing [from Mr. Sowders], then probably the matter ends there. As long as that statement's truthful and made by someone who's in a position of being able to have personal knowledge based on their experience that what they're saying is true ..." (Id. at 28-29)

Following the February 14, 2007 hearing, government counsel filed the following response:

> 1. Defendant's instant motion seeks suppression of any evidence obtained as a result of the conversation between his former attorney Glenn Sowders and IRS Special Agent Jeff Trogden. In this regard, Sowders in an attempt to broach potential negotiations concerning a substantial assistance plea agreement, stated that he has tried to convince defendants that they are operating illegally. Additionally, in this effort to obtain a favorable disposition in this matter Sowders stated he would try to determine other potential targets.
>
> 2. However, no plea agreement was reached, no further information was forthcoming from Sowders, and the government has agreed that it will not elicit any testimony or evidence regarding Sowders' statements.

(Government's Response in Opposition to Defendants' Motion to Suppress at 1-2)

On March 12, 2007, the undersigned conducted an evidentiary hearing on defendants' motion to suppress. Defendants were represented by retained counsel, Joe Izen and Ladarron Williams. The Government was represented by Assistant United States Attorney William Meiners. The Government called IRS Special Agent Jeff Trogden as a witness. The defense called no witnesses to testify.

## II. FACTS

On the basis of the evidence adduced at the evidentiary hearing, the undersigned submits the following proposed findings of fact:

1. As part of his duties as case agent in this matter, Special Agent Trogden had some discussions with the Aldridges' prior attorney, Glenn Sowders, in regard to the Aldridges' compliance with various grand jury subpoenas. (Tr. at 4)[1]

2. In the course of those discussions, Mr. Sowders indicated to Special Agent Trogden that he would like to explore a possible plea negotiation and substantial assistance situation with the government. (Tr. at 4) Mr. Sowders indicated that he might be able to provide the government with some information that would be of assistance in this and other investigations. (Tr. at 4-5) In a Memorandum of Contact dated July 9, 2004, Special Agent Trogden wrote:

   > Mr. Sowders stated that he has tried to get James ALDRIDGE to stop his

---

[1] "Tr." refers to the transcript of the March 12, 2007 hearing.

activities but ALDRIDGE "thinks he's right with the law." ALDRIDGE "dots the I's and T's." Sowders has tried to convince ALDRIDGE that he is operating illegally. ALDRIDGE is involved with a large group of people who have "almost a franchised operation." Sowders is trying to determine who all of the people in the group are. The Special Agent requested that if Sowders does determine all of the people involved Sowders give the information to the Special Agent.

(Declaration of Defendant, James E. Aldridge, Jr., in Support of Motion to Suppress at Ex. B)

3. Special Agent Trogden never spoke with Mr. Sowders again after Sowders indicated he might be able to provide the government with information. (Tr. at 5) There was no substantial assistance plea agreement or anything of that nature following the conversation. (Tr. at 5)

4. Special Agent Trogden is in a position to know whether Mr. Sowders gave any information after July 9, 2004. (Tr. at 7-8)

### III. DISCUSSION

Following the testimony of Special Agent Trogden on March 12, 2007, defense counsel stated the following:

> ... I have to state affirmatively to the Court with a statement from an agent with personal knowledge with the ability to be able to state to the Court that he has personal knowledge, I'm afraid that blocks me on my Motion to Suppress. I can't get there. So, I expect it to be denied. I do these things from time to time. I try to concede what the law is both for me and against me. The only thing that I was entitled to beyond Mr. Meiners' fair statement was the statement of someone with personal knowledge. I have to concede I believe that's been satisfied, so we can go on to the next thing. Thank you.

(Tr. at 9)

Given the government's representation that it will not use any information provided by Mr. Sowders at trial and defense counsel's concession that the motion has been satisfied, the Court must find defendant's motion to suppress to be moot.

### IV. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding Defendants, James Aldridge and Shirley Aldridge's, Motion to Suppress (doc #30) moot.

Counsel are reminded they have ten days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

>    */s/ Sarah W. Hays*
> SARAH W. HAYS
> UNITED STATES MAGISTRATE JUDGE